IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY HORTON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 3:24-cv-00698-D (BT) |
| | § | |
| NORTHEN DIST FEDERAL GOV., | § | |
| | § | |
| Defendant | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Gregory Horton filed a civil rights complaint alleging that a church and some of its members, with the help of the Dallas County District Attorney, engaged in various forms of misconduct, including attacking Horton's parents. ECF No. 3 at 1. He seeks "compensation for [the] violation of his constitutional rights," criminal charges brought against those responsible, and the removal of his three daughters from alleged KKK captivity. ECF No. 3 at 1.[1] But, because Horton's complaint is duplicative of at least one other *in forma pauperis*

---

[1] The complaint contains many attachments that elaborate on Horton's claims, including complaints to the United States Attorney's Office and the Department of Justice (ECF No. 3 at 3-8, 29, 31-36); citizen complaints to the "Office of Community Police Oversight" (ECF No. 3 at 9-17, 41-46); a complaint to the Texas Ethics Commission (ECF No. 3 at 18-26); a complaint to the Dallas County District Attorney (ECF No. 3 at 26-28); trial notifications for a criminal trial in Dallas Municipal Court (ECF No. 3 at 30, 37); a complaint to the Texas Commission on Law Enforcement (ECF No. 3 at 38); Dallas Police Department incident reports (ECF No. 3 at 39-40, 52-55); and a complaint to the Texas Department of Family and Protective Services (ECF No. 3 at 47-51).

complaint that he filed in this Court, *see Horton v. King et al.,* No. 3:23-cv-2540-B (BT) (N.D. Tex. Nov. 16, 2023), his case should be dismissed as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B).

## Legal Standards

Because Horton did not pay the filing fee in this case (or any others that he has filed)[2], the Court presumes that he seeks leave to proceed *in forma pauperis* (IFP). *See*, *e.g.*, *Cole v. Off. of Clerk*, 2021 WL 3024857 (N.D. Tex. June 8, 2021), *rec. accepted* 2021 WL 3023394 (N.D. Tex. July 16, 2021).  As such, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Under that statute, a district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

[2] Horton has filed three other similar cases in this District, two of which were dismissed for lack of subject matter jurisdiction, and one of which was dismissed as frivolous. *See Horton v. Natasha King*, 3:23-cv-2049-E-BN (N.D. Tex. Sept. 13, 2023) (no subject matter jurisdiction); *Horton v. FBI, et al.*, 3:23-cv-2138-N-BK (N.D. Tex. Sept. 25, 2023) (no subject matter jurisdiction); *Horton v. King*, 3:23-cv-2540-B-BT (N.D. Tex. Nov. 16, 2023) (frivolous).

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (citing *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998)).

A complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotations marks omitted).

A case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey*, 846 F.2d at 1021. The addition of different defendants in the successive action does not change the frivolous or duplicative nature of the case, and a court may properly dismiss it. *See id.* Indeed, such duplication occurs even when the plaintiff has attempted to "raise new claims" so long as the restated claims "grow out of the same allegations" that the plaintiff made in the earlier suit.  *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

## Analysis

Here, Horton's pleading and attachments complain about the same series of events that he presented in *Horton v. King*, 3:23-cv-2540-B-BT. That case and this one are premised, chiefly, on the following allegations:

- That members of a church or religious cult—aided by police corruption, general white supremacy, and Hispanics—engaged in misconduct, including killing 14 or more of Horton's friends and family members, which he refers to as "cold case murders";

- That Horton's children have been sexually exploited by members of the church, including their uncle, Michael King, and "apostle" Darrell Maurice Yancey;

- That Horton has been the victim of "hate crimes" that have left him homeless;

- That criminal charges should be brought against various individuals who have harmed him and his family members, including Natasha King (possibly the mother of Horton's children) and her brother, Michael;

- That the KKK and "white supremacy" have held Horton's children captive—potentially with help from the Kings and other members of the church—to sexually exploit them, requiring the immediate "removal" of Horton's children;

- That the Dallas Police Department planted drugs in Horton's hat;

- That the Dallas Police Department had Horton shot; and

- That Horton was falsely imprisoned.

*Compare* 3:23-cv-2540-B-BT (ECF No. 9 at 1-2) (Findings, Conclusion, and Recommendation summarizing Horton's claims in that case) with 3:24-cv-698-D-BT (ECF No. 3).

4

Because Horton's complaint is duplicative of one already filed and dismissed as frivolous in another action, it should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and frivolous. *See*, *e.g.*, *Engle v. Hunt County*, 2021 WL 1146405, at *3 (N.D. Tex. Feb. 23, 2021), *rec. accepted* 2021 WL 1140895 (N.D. Tex. Mar. 2, 2021) ("Engle's claims here for withholding, tampering with, and destroying evidence; malicious prosecution; and conspiracy to obtain a wrongful conviction—to the extent those claims are premised upon the supposedly-withheld DNA evidence in 2014—must be dismissed as frivolous because they arise from the same nucleus of operative facts asserted in the prior suit and are "foreclosed from review as duplicative and under traditional notions of *res judicata*.") (citation omitted); *Semiani v. United States*, 2017 WL 9473082, at *1 (N.D. Tex. Jan. 31, 2017) (recommending that duplicative lawsuit be dismissed as frivolous and malicious), *rec. accepted* 2017 WL 1395622 (N.D. Tex. Apr. 19, 2017).

## Sanction Warning

Given Horton's filing history and the frivolous nature of the claims asserted in this case, Horton should be warned that if he persists in filing frivolous or baseless cases, or cases in which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action. *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against pro se litigants or attorneys). Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d

796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). Pro se litigants "have no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### Recommendation

For the foregoing reasons, this action should be **DISMISSED WITH PREJUDICE** as frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Horton should be **WARNED** that if he persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar him from bringing any further action.

SO RECOMMENDED.

July 3, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fᴇᴅ. R. Cɪᴠ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).